# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| FAIRFIELD PROCESSING CORP., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19-MC-00310-JAR |
| | ) |
| BEST MADE TOYS INTERNATIONAL, ULC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff Fairfield Processing Corporation ("Fairfield")'s motion to confirm arbitration award. (Doc. No. 1). No response or opposition was filed by Defendant Best Made Toys International, ULC ("BMT").

**Background**

In April 2017, Fairfield and Defendant Best Made Toys International, ULC, ("BMT"), entered into a Contract Filling Agreement ("Agreement"), whereby Fairfield would fill, finish, package, and prepare for shipping BMT products in its St. Louis, Missouri facility. (Doc. No. 1-1). The Agreement contained an arbitration provision, which states, *inter alia*, that "[a]ny dispute, controversy or claim arising out of, or relating to this Agreement . . . shall be determined by arbitration in the State of Connecticut before one arbitrator. The arbitration shall be administered by JAMS pursuant to its Streamlined Arbitration Rules and Procedures." (*Id.*).

In early 2018, a dispute arose concerning BMT's failure to make certain payments that Fairfield believed BMT owed under the Agreement. On July 19, 2018, Fairfield initiated arbitration proceedings with JAMS, asserting claims against BMT. BMT filed a response pleading

denying Fairfield's allegations and asserting counterclaims against Fairfield. An arbitration hearing was held on January 22-25, 2019.

On April 3, 2019, JAMS issued a Notification of Award informing the parties that the Arbitrator had issued his decision. JAMS, however, would not release and serve the Award until "all outstanding fees have been received." (Doc. No. 1-4). Fairfield contends that, believing that BMT would not pay the invoice, Fairfield paid the outstanding amount owed. JAMS thereafter released and issued the Final Award, in which the Arbitrator found that BMT breached the Agreement, denied BMT's counterclaims, and awarded Fairfield $576,445.32, including damages, pre-judgment interest, and attorney's fees. Thereafter, Fairfield filed a motion to modify the award, requesting that the Arbitrator add an additional $15,938.30 in arbitration fees and costs Fairfield incurred in excess of its pro rata share, as well as $1,335.00 in additional attorney's fees. (Doc. No. 1-4). On April 24, 2019, the Arbitrator granted Fairfield's request and issued a Modified Final Award, for a total award of $593,718.62. (Doc. No. 4-1).

Fairfield now moves to confirm the Modified Final Award pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 6, 9. The motion to confirm arbitration award and memorandum in support thereof was served on BMT through its Chief Executive Officer, Carter Pennington, on April 24, 2019. (Doc. No. 2-1).

**Discussion**

"The FAA embodies a national policy favoring arbitration; contains a narrow set of statutory grounds to vacate, modify, or correct an award; and supplies enforcement mechanisms for these types of actions." *Infinity Fulfillment Grp., LLC v. Cenveo Corp.*, No. 4:14CV966 SNLJ, 2015 WL 3823166, at *6 (E.D. Mo. June 19, 2015) (citing *Hall Street Associates v. Mattel,* 552 U.S. 576, 581-582 (2008)). To that end, section 9 of the FAA provides that any party may apply,

within one year after an arbitration award is made, to the district court for an entry of judgment confirming the award. 9 U.S.C. § 9. "A confirmation proceeding under 9 U.S.C. § 9 is intended to be summary: confirmation can only be denied if the award has been corrected, vacated, or modified in accordance with the Federal Arbitration Act." *McClelland v. Azrilyan*, 31 F. Supp. 2d 707, 713 (W.D. Mo. 1998) (quoting *Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir. 1986)). "Section 9 of the FAA provides that federal courts must grant an order confirming an arbitration award unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. Congress did not authorize de novo review of such an award on its merits; it commanded that when the exceptions do not apply, a federal court has no choice but to confirm." *UHC Mgmt. Co. v. Computer Scis. Corp.*, 148 F.3d 992, 997 (8th Cir. 1998) (internal quotation marks omitted).

Either party may file a motion to vacate, modify, or correct an arbitration award. 9 U.S.C. § 12. However, such motion must be filed within 90 days of the initial arbitration award. *Id.*; *Domino Group, Inc. v. Charlie Parker Memorial Foundation*, 985 F.2d 417, 419 (8th Cir. 1993). Failure to do so waives any defenses to confirmation of the arbitration award. *Id.* at 419-20 ("Failure to file a motion to vacate, modify, or correct within three months . . . waived any defenses to confirmation that might be asserted in a timely motion to vacate.").

BMT has not filed a motion to vacate or modify the award, and the time for doing so has expired. Given its uncontroverted failure to timely move to vacate the arbitration award under the FAA, BMT is precluded from asserting any defenses to confirmation of the award in a summary proceeding such as this. *See, e.g., Norton v. AMISUB St. Joseph Hospital,* 155 F.3d 1040, 1041 (8th Cir. 1998) (holding that the plaintiff waived her right to argue that arbitration agreement was an unenforceable contract of adhesion because she failed to file a timely motion to vacate award);

*Med. Shoppe Int'l, Inc. v. Asong*, No. 4:05MC499CDP, 2006 WL 83491, at *2 (E.D. Mo. Jan. 12, 2006). The Court will, therefore, grant Fairfield's motion and confirm the arbitration award.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Fairfield Processing Corp.'s motion to confirm arbitration award is **GRANTED.** A separate Judgment will accompany this Memorandum and Order.

Dated this 6th Day of December, 2019.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE